UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERASTO HERNANDEZ VELAZQUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:21-CV-184 |
| | ) |
| OWEN COUNTY MULCH and | ) |
| EXCAVATING, JASON BAULT, and | ) |
| HEATHER BAULT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Erasto Hernandez Velazquez ("Velazquez"), brings claims against Owen County Mulch and Excavating ("OCME"), Jason Bault ("Jason"), and Heather Bault ("Heather") (collectively "Defendants") as follows:

## OVERVIEW

1.  This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), The Indiana Wage Payment Statute ("IWPS"), I.C. §22-2-5-1 et. seq., and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL"). Defendant violated the FLSA by failing to pay Velazquez overtime wages required by federal and state law. Velazquez pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

## PARTIES

2.  Velazquez is an individual who, at all relevant times, worked in or near Owen County, Indiana. He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned,

1

Velazquez was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Velazquez was an employee as defined by I.C. §22-2-2-3.

3. OCME is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, OCME's work regularly involved commerce between states. Moreover, OCME is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint. OCME's business is located in Owen County, Indiana.

4. At all times hereinafter, OCME has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).

5. Jason is an owner of OCME. In this capacity Jason is involved in the day-to-day operations of OCME. Jason has the authority to make decisions regarding wage and hour issues and establishes OCME's pay practices. At all relevant times, Jason has responsibility to act on behalf of, and in the interest of, OCME in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Velazquez. As a result, Jason is an "employer" within the meaning of 29 U.S.C. § 203(d).

6. Heather is an owner of OCME and/or handled payroll on behalf of OCME. In this capacity Heather is involved in the day-to-day operations of OCME. Heather has the authority to make decisions regarding wage and hour issues and establishes OCME's pay practices. At all relevant times, Heather has responsibility to act on behalf of, and in the interest of, OCME in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Velazquez. As a result, Heather is an "employer" within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION

7.  This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Velazquez's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

8.  Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. §1391 as all the events arose in the contours of the Southern District of Indiana.

## FACTS

9.  Velazquez was hired by Defendants in 2014. Velazquez, throughout his employment, was a laborer in Defendant's mulch yard. He would grind mulch, deliver mulch, repair equipment, and other odds and ends jobs like cutting the grass, making necessary repairs to the facility, and pouring concrete.

10. Velazquez was always paid on an hourly-basis. Taxes were withheld from his checks, and he was categorized as an 'employee.' Throughout his employment Velazquez would routinely work in excess of forty (40) hours per week. Notwithstanding his work hours, his pay stubs would reflect that he would only be paid his regular rate of pay for all hours worked.

11. OCME would purchase products for resale from other states and transport them to Owen County for distribution locally. These items included mulch dyes, cement statutes, and/or stone products. In the alternative OCME purchased one or more of these items locally from a company that transported them across state lines to be distributed in the state of Indiana.

12. When Velazquez resigned on March 27, 2021, his regular rate of pay was $17.00 / hour.

13. Velazquez was regularly at the work site prior to the business's hours of operations (8 a.m. – 5 p.m.) and stayed after closing. He regularly worked on Saturdays in addition to working the weekdays.

14. Velazquez has suffered financial harm as a result of Defendant' conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

15  Velazquez incorporates paragraphs 1 – 14 herein.

16. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the overtime wage requirements of the FLSA.

17. Velazquez was not paid at least time and one-half his regular rate or half time for hours he worked in excess of forty (40) hours per week during some or all of his employment that began in 2014.

18. Velazquez was harmed by Defendants' unlawful willful and/or reckless conduct. Moreover, Defendants' conduct intentionally or recklessly violated the mandates of the FLSA. Defendants did not have a good faith or reasonable basis to believe that it did not have to pay Velazquez time and one-half his regular rate of pay for hours worked in excess of forty (40) each work week.

### COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

19. Velazquez incorporates paragraphs 1 – 18 herein.

20. Velazquez pleads his Indiana minimum wage law claims in the alternative.

21. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Velazquez at least minimum

wage and/or one and one-half times his regular rate of pay for all hours he worked in excess of 40 per week.

22. Defendants' conduct is willful, reckless, or indifferent to Velazquez's rights. Velazquez has been harmed as a result.

### COUNT III: VIOLATIONS OF THE INDIANA WAGE PAYMENT STATUTE

23. Velazquez incorporates paragraphs 1 – 22 herein.

24. Defendants failed to pay the hourly rate it offered Velazquez as it promised to do or to otherwise pay him wages for all work that he performed.

25. Defendants violated the IWPS and withheld such payments to Velazquez without a good faith or reasonable basis.

26. Velazquez suffered harm as a result of Defendants' conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Velazquez all wages to which he is entitled under the Indiana Wage Claim Statute;

c. An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and/or Indiana law;

d. An Order awarding Plaintiff the costs of this action;

e. An Order awarding Plaintiff his attorney's fees;

  f. A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the minimum and overtime wage requirements of the FLSA and Indiana law; and

  g. An Order granting such other and further relief as may be necessary and appropriate.

                Respectfully submitted,

                s/ Christopher S. Wolcott
                Christopher S. Wolcott (#23259-32)
                The Wolcott Law Firm LLC
                450 East 96th Street, Ste 500
                Indianapolis, IN  46240
                Tel: (317) 500-0700
                Fax: (317) 732-1196
                E-Mail:  indy2buck@hotmail.com

                Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

                Respectfully submitted,

                /s/ Christopher S. Wolcott
                Christopher S. Wolcott (#23259-32)
                The Wolcott Law Firm LLC
                450 East 96th Street, Ste 500
                Indianapolis, IN  46240
                Tel: (317) 500-0700
                Fax: (317) 732-1196
                E-Mail:  indy2buck@hotmail.com

                Attorney for Plaintiff